**George BELL, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–16061.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2003.*

Decided Sept. 8, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See FED. R.APP. P. 34(a)(2).

\*\* The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before HILL,\*\* T.G. NELSON, and HAWKINS, Circuit Judges.

MEMORANDUM \*\*\*

George G. Bell appeals the district court's judgment remanding his case to the Social Security Administration. The court ordered a remand in order to allow the Commissioner to supplement the record to provide the information necessary to evaluate medical improvement.[1] We reverse because the Commissioner never demonstrated "that there is good cause for the failure to incorporate" the necessary evidence "into the record in a prior proceeding."[2] Under 42 U.S.C. § 405(g), the Commissioner must make such a showing in order to justify a remand.[3]

The district court correctly determined that the record contains no evidence supporting the Administrative Law Judge's finding of medical improvement.[4] The record contains no written decision that indicates the basis of Bell's disability in 1989 at all. Because the Commissioner failed to introduce appropriate evidence, and has not shown cause for the failure, the presumption of continuing disability applies, and the district court must reinstate Bell's benefits.[5]

REVERSED AND REMANDED WITH INSTRUCTIONS TO REMAND WITH INSTRUCTIONS TO REINSTATE BENEFITS.

HILL, Circuit Judge, dissenting.

---

1. *See* 20 C.F.R. § 404.1594.

2. 42 U.S.C. § 405(g)

3. *Id.*

4. *See* 20 C.F.R. § 404.1594.

5. *See Bellamy v. Sec. of Health & Human Svcs.*, 755 F.2d 1380, 1381 (9th Cir.1985).

Respectfully, I dissent.

In 1996, Congress enacted Section 105 of the Contract with America Advancement Act (Act), including a subsection entitled "Denial of Disability Benefits to Drug Addicts and Alcoholics." *See* 42 U.S.C. § 423(d)(2)(C). This statute and the regulations promulgated thereunder operate to deny social security disability benefits to claimants whose alcoholism or drug addiction is a contributing factor material to the determination of his or her disability.[1] *See* 20 C.F.R. § 404.1535.

Here plaintiff-appellant George G. Bell frankly admits, and the disability officer so found, that Bell abuses cocaine, alcohol and marijuana on a daily basis.[2] Under the plain meaning of the Act, Bell is ineligible, by definition, to receive disability benefits, order, perhaps, to go out and purchase more drugs and alcohol.

I am still desperately clinging to the notion that our elected representatives in Congress make the law and that bureaucrats make the regulations. Congress has clearly stated that, regardless of the regulations of the Social Security Administration (SSA), if alcohol or drugs are significant contributing factors to the claimant's disability, no disability benefits are payable.

I am not persuaded that in the area of disability benefits, there is a "presumption of continuing disability," as stated by the majority. My readings show just the opposite. The majority seems to be going out of its way to punish the Commissioner because he can't reconstruct Bell's file pursuant to the SSA regulations, and by so doing, reward Bell with apparently lifetime benefits to which he is not entitled under the law. Respectfully, I believe that the majority is mistaken. If the Commissioner is hoisted upon her own regulatory petard, she is protected by the law which trumps the regulations.

I would reverse the decision of the district court and remand with instructions that judgment be entered denying disability benefits to Bell.

---

1. *See* 42 U.S.C. § 423(d)(2)(C) ("[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled"); 20 C.F.R. § 404.1535 ("[t]he key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol").

2. The record clearly demonstrates that Bell's substance abuse is a contributing factor material to the determination of his disability. *See* 42 U.S.C. § 423(d)(2)(C). The record also demonstrates that Bell would be capable of performing most work if he was not addicted to cocaine, alcohol and marijuana. *See* 20 C.F.R. § 404.1535.